# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FANNIE MAE,

    Plaintiff,

v.

WILLIAM J. CREAGAN III, *et al*.,

    Defendants.

Case No. 2:11-cv-00451-LDG (LRL)

**ORDER**

    Plaintiff Fannie Mae moves to strike defendants' jury demand (#33), which motion the defendants, William Creagan III, and Matthew Rattner, oppose (#36).  Having considered the arguments of the parties and the evidence upon which they rely, the Court will grant the motion.

    Deutsche Bank Berkshire Mortgage, Inc. (Deutsche Bank), predecessor-in-interest to Fannie Mae, loaned money to H&B V, LLC (H&B) to purchase an apartment complex. Pursuant to the Guaranty, Creagan and Rattner personally guaranteed that H&B would meet its re-payment obligations evidenced by the Fixed+1 Multifamily Note (and secured by the Multifamily Deed of Trust and Security Agreement), with a maximum liability of $300,000. Subsequently, H&B failed to make the December 1, 2009, payment. Fannie Mae now seeks $300,000 in recourse against Creagan and Rattner.

The last numbered paragraph of the Guaranty provided, in bolded, all-capital letters:

> **16.   GUARANTOR AND LENDER EACH (A) AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THE GUARANTY OR THE RELATIONSHIP BETWEEN THE PARTIES AS GUARANTOR AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY EACH PARTY, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT COUNSEL.**

As summarized by the Ninth Circuit:

> The Seventh Amendment guarantees the right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Am. VII. Like other constitutional rights, the right to a jury trial in civil suits can be waived. See *United States v. Moore*, 340 U.S. 616, 621, 71 S.Ct. 524, 95 L.Ed. 582 (1951); [*Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir.2001)].  A valid waiver in a civil trial "must be made knowingly and voluntarily based on the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir.2007);

*Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009).  Previously, this court (as well as many others) has looked to the following factors in considering a contractual waiver is knowing and voluntary: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous."  *Phoenix Leasing Inc. v. Sure Broadcasting, Inc.*, 843 F.Supp. 1379 (D.Nev. 1994).

The clause containing the waiver provision in the Guaranty was conspicuous.  The defendants have not offered any opposition to plaintiff's arguments and evidence that there was not a gross disparity in bargaining power between the parties, that the defendants had business and professional experience, and that the defendants had an opportunity to negotiate the terms of the Guaranty.

1    The defendants, instead, argue that the plaintiff's claim arises out of the Completion

2    Agreement.  The Completion Agreement lacks a waiver of the right to a jury trial.  Having

3    reviewed the complaint, the Court finds the defendants' argument entirely lacking in merit.

4    Fannie Mae's claim against defendants is for Breach of Guaranty.  As alleged in the

5    complaint, "[t]he Guarantors have breached the Guaranty by failing to pay the amounts due

6    under the Loan and Note."  Accordingly,

7

8    THE COURT **ORDERS** that Plaintiff's Motion to Strike Jury Demand (#33) is

9    GRANTED.

10

11   DATED this _____ day of September, 2013.

12

13   _____
     Lloyd D. George
14   United States District Judge

3